# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 17-52769 |
| **Karla R. Conroy,** ) | Chapter 13 |
| ) | Judge Preston |
| Debtor. ) | |

## OBJECTION OF THE UNITED STATES TO MOTION FOR DETERMINATION THAT MORTGAGE/LIEN IS WHOLLY UNSECURED AND VOID (DOC. NO. 22)

The United States of America, on behalf of the Internal Revenue Service (the "Service"), hereby opposes Debtor's *Motion for Determination that Liens are Wholly Unsecured and Void* (the "Motion") filed on June 6, 2017 [Doc. No. 22] as the Service has a statutory lien not subject to avoidance.

A memorandum in support is attached hereto.

Respectfully submitted,

BENJAMIN C. GLASSMAN
United States Attorney

/s/ Bethany J. Hamilton
BETHANY J. HAMILTON (0075139)
Assistant United States Attorney
303 Marconi Blvd., Ste. 200
Columbus, Ohio 43215
(614) 469-5715
Fax (614) 469-5240
Email: bethany.hamilton@usdoj.gov

**MEMORANDUM IN SUPPORT**

1. The Service has filed a Notice of Federal Tax Lien against the non-filing spouse of Debtor, Kelley P. Conroy, on April 23, 2013.

2. Kelley P. Conroy filed a Quit Claim Deed granting Debtor his entire interest in the property known as 3044 Olive Ave., Columbus, OH 43204 on October 18, 2016. The Service's lien continues to attach to the property since it was not satisfied at the time of transfer.

3. Debtor filed a petition seeking relief under Chapter 13 on April 30, 2017.

4. On May 10, 2017, the Service filed its proof of claim setting forth its priority claim in the amount of $500.00. *See* POC 1-1.

5. Debtor requests in her motion that the federal tax lien be avoided, as there is no equity in Debtor's real property to secure the Service's claim.

6. The Service opposes Debtor's motion as it appears that the subject property was transferred in order to avoid payment of the federal tax lien. Further, the Service's lien is a statutory lien not subject to avoidance.

7. The Service does not possess any judicial or judgment lien against Debtor. The Service has not reduced its tax claims to judgment. Similarly, the Service does not possess a security interest against Debtor.

8. A federal tax lien is a statutory lien under the Bankruptcy Code. 11 U.S.C. § 101(53). Under the Internal Revenue Code, a federal lien arises by operation of law when an assessment is made and the person upon whom a demand for payment is made refuses or otherwise does not pay the tax liability. The lien attaches to all the taxpayer's personal and real property and rights to property. 26 U.S.C. §§ 6321, 6322; *United States v. National Bank of Commerce*, 472 U.S. 713 (1985). At this point in time the lien is a secret lien, which must be validated against

third parties by filing a Notice of Federal Tax Lien. 26 U.S.C. § 6323(a).

9. The Service asserts that it only possesses statutory liens against Debtor arising under the provisions of 26 U.S.C. § 6321. Notice of such liens were filed in accordance with the provisions of 26 U.S.C. § 6323(a).

10. It is clear from both the Bankruptcy Code's legislative history and case law that the Service's liens cannot be avoided because liens pass through bankruptcy unaffected. *In Estate of Lellock v. Prudential Insurance Co.*, 811 F.2d 186 (3rd Cir. 1987), the Court reviewed the legislative history of 11 U.S.C. § 506(d) and specifically found that the legislative history clearly shows Congressional intent that valid liens pass through bankruptcy unaffected by discharge or exemption. *Id.* at 188. Also in support of the *Lellock* case is the case of *United States v. Marlow*, 48 B.R. 261 (Bkrtcy. D. Kan. 1984). Marlow clearly teaches that a discharge in bankruptcy does not extinguish a valid creditor's lien. Rather, a discharge in bankruptcy extinguishes the personal liability of the debtor, but not a valid creditor's lien upon property of the debtor. *Id.* at 263. *Marlow* also notes that several sections of Title 11 must be considered in conjunction with the case of *Long v. Bullard*, 117 U.S. 617 (1886), which is cited with approval in the legislative history of Title 11. The *Long* case held that a discharge in Bankruptcy does not prevent the enforcement of valid liens. *Marlow*, supra, at 263. The United States Supreme Court further strengthened the proposition that liens pass through bankruptcy unaffected by discharge in the case of *Farrey v. Sanderfoot*, 500 U.S. 291, 297 (1991) ("Ordinarily, liens and other secured interests survive bankruptcy"). *See also, Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991) ("Rather, a bankruptcy discharge extinguishes only one mode of enforcing a claim - namely, an action against the debtor in personam - while leaving intact another - namely, an action against the debtor in rem"). The Ninth Circuit in *Isom v. United States of America*, 901 F.2d 744 (1990) stated the following:

The debtors argue that the liability becomes legally unenforceable upon the discharge of taxes in bankruptcy, so the liens must be released. We disagree. The liability for the amount assessed remains legally enforceable even where the underlying tax debt is discharged in the bankruptcy proceeding. A discharge in bankruptcy prevents the I.R.S. from taking any action to collect the debt as a personal liability of the debtor. The debtors concede, however, that their property remains liable for a debt secured by a valid tax lien, including a tax lien. See Long v. Bullard, 117 U.S. 617, 29 L. Ed. 1004, 6 S. Ct. 917 (1886); see also Southtrust Bank v. Thomas (In re Thomas), 883 F.2d 991 (11th Cir. 1989)(discussing Congressional intent to codify the rule of Long v. Bullard); H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 361, reprinted in 1978 U.S. Code Cong. & Admin. News 5787, 5862; S. Rep. No. 95-989, 95th Cong., 2d Sess. 76, reprinted in 1978 U.S.Code Cong. & Admin. News 5787, 5862 (indicating Congressional intent that the rule of Long v. Bullard survive). We hold that 26 U.S.C. 6325(a)(1) does not require the I.R.S. to release valid tax liens when the underlying tax debt is discharged in bankruptcy.

Therefore, it is respectfully requested that the Debtor's motion to avoid the Federal Tax Lien be denied.

    Respectfully submitted,

    BENJAMIN C. GLASSMAN
    United States Attorney

    /s/ Bethany J. Hamilton
    BETHANY J. HAMILTON (0075139)
    Assistant United States Attorney
    303 Marconi Blvd., Ste. 200
    Columbus, Ohio 43215
    (614) 469-5715
    Fax (614) 469-5240
    Email: bethany.hamilton@usdoj.gov

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on <u>June 20, 2017</u> service of the foregoing was made by electronic filing with the Clerk of the United States Bankruptcy Court, using the CM/ECF system, which will send notification of such filing to the parties listed below:

    U.S. Trustee's Office

    Ric Daniell, Attorney for Debtor

    Chapter 13 Trustee

The undersigned hereby certifies that on the same date, a copy of the foregoing pleading was served by United States Postal Service, First Class, postage prepaid, to the following non CM/ECF participant:

    Debtor:
    Karla R. Conroy
    3044 Olive Ave.
    Columbus, OH 43204

                <u>/s/ Bethany J. Hamilton</u>
                BETHANY J. HAMILTON (0075139)
                Assistant United States Attorney